DECISION.
{¶ 1} Defendant-appellant Ronnie N. Lanier appeals his convictions for aggravated robbery with firearm specifications, robbery, and having a weapon while under a disability. He claims that he received ineffective assistance of counsel because his trial counsel failed to file a motion to suppress oral statements that he had made to a police officer and to object to leading questions and speculative answers during his trial. We affirm.
 I. Where's the Gun? {¶ 2} On October 1, 2003, Tammy Brumette cashed her paycheck and then began walking home. Brumette testified that, as she was walking, Lanier ran up behind her and struck her on the head. The blow caused her to fall to the ground. Lanier began pulling on Brumette's purse, which was under her body.
 {¶ 3} Brumette, who was six months' pregnant, resisted giving up her purse, but Lanier used his foot to turn her over. He continued pulling at the purse. Lanier then placed his foot on Brumette's chest and hit her between the nose and mouth with a gun, causing a laceration above her lip. Brumette eventually released her purse and Lanier fled. A witness followed Lanier to a vacant lot and another called the paramedics.
 {¶ 4} In his testimony, Lanier admitted robbing Brumette, but denied any physical contact with Brumette other than pulling on her purse. He also adamantly denied that a gun was involved in the robbery.
 {¶ 5} Cincinnati Police Officer Daniel McShane was the first to respond to the scene. He testified that he secured the vacant lot in which Lanier was last seen. He also requested a canine unit, which found a gun in the lot. Lanier came out from where he was hiding and was captured. Brumette positively identified Lanier and she later identified the gun. Lanier was arrested, given Miranda warnings, and then transported to a district police station.
 {¶ 6} Cincinnati Police Officer Bryant Stewart, the lead investigator, interviewed Lanier. Officer Stewart testified that Lanier orally admitted to having a gun in his waistband during the robbery. Officer Stewart also testified that Lanier positively identified a photograph of the gun as his. Lanier's oral statements to Stewart are what Lanier now claims his trial counsel should have attempted to suppress. At trial, Lanier testified that he did not use a gun during the robbery and pointed out that his written statement to the police did not mention a gun.
 {¶ 7} Lanier was indicted for (1) aggravated robbery with two gun specifications; (2) robbery; (3) carrying a concealed weapon; and (4) having a weapon while under a disability. The jury found Lanier guilty on counts one, two, and four. He was found not guilty on count three. The trial court sentenced Lanier to five years for aggravated robbery after merging that offense with the robbery, three years for the firearm specifications, and ten months for having a weapon while under a disability, all to run consecutively.
 {¶ 8} On appeal, Lanier now assigns one error: that he was denied the effective assistance of counsel because his trial counsel failed to (1) file a motion to suppress his oral statements to Officer Stewart, and (2) object to leading questions asked to and speculative answers made by police officers at trial.
 II. What If? {¶ 9} The United States Supreme Court has established a two-prong test, both prongs of which must be satisfied, to measure whether an attorney's performance amounts to ineffective assistance of counsel: (1) counsel's performance must be proved deficient; and (2) the deficient performance must have prejudiced the defense to the extent that the defendant did not receive a fair trial.[1]
 {¶ 10} Judicial scrutiny of counsel's performance must be highly deferential.[2] A court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance.[3] The defendant bears the burden of proving that counsel's representation was not adequate and not reflective of sound trial strategy.[4] To be considered deficient, counsel's actions must have fallen "below an objective standard of reasonable representation."[5]
 {¶ 11} We hold that Lanier has not demonstrated that his trial counsel's performance was deficient. Our review of the trial transcript leads us to conclude that Lanier's counsel had a strategic reason for conducting the case as he did. Lanier's counsel appeared to be attempting to establish a pattern among the police officers of not following standard police procedure and of inconsistencies in their answers.
 {¶ 12} For example, Lanier's counsel continually focused his line of questioning on the officers' failure to photograph the gun when it was found, the failure to take fingerprints off the gun, the inconsistent answers as to where the gun was found, and the failure to tape-record Lanier's statements at the police station. If Lanier's oral statements had been suppressed, counsel would not have been able to establish any inconsistency between Officer Stewart's testimony relating Lanier's oral statements and Lanier's own testimony and his written statements.
 {¶ 13} Because of the persuasive evidence presented by the state, Lanier's trial counsel may have been convinced that the trial strategy of identifying inconsistencies and a failure to follow standard police procedures was the best approach.
 {¶ 14} Furthermore, there is nothing in the record to indicate that a motion to suppress Lanier's oral statements to Officer Stewart was warranted. The police informed Lanier of his Miranda rights, and Lanier volunteered his statements to Stewart.
 {¶ 15} Trial counsel may also have had strategic reasons for not objecting to what Lanier claims were speculative answers by the police officers at trial. For example, during Officer McShane's testimony, the prosecutor asked about the gun. McShane stated, "I was not present when it was recovered. It was placed in a cardboard box, given to our sergeant, who was there at the scene."
 {¶ 16} Obviously, McShane could not testify about an event that he did not witness. But while Lanier's counsel could have objected, perhaps he did not for strategic reasons. In reviewing the entire transcript, we conclude that Lanier's trial counsel vigorously cross-examined witnesses and advanced a consistent line of questioning focused on police inconsistencies.
 {¶ 17} Lanier also contends that his trial counsel was ineffective in failing to object to leading questions asked to police officers during the trial. But Lanier has failed to specify in his brief the questions that could have been construed as leading. "[I]t is within the trial court's discretion to allow leading questions on direct examination."[6]
Rarely is ineffective assistance of counsel recognized on this basis, and we find no evidence establishing it in this case.
 {¶ 18} Even if Lanier could establish that his trial counsel's performance was deficient, his claim would fail under the second prong of the test to prove ineffective assistance. Lanier has not shown how his trial counsel's performance prejudiced his defense.
 {¶ 19} Prejudice is proved when there "exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."[7]
 {¶ 20} Lanier would essentially have to demonstrate that the jury verdict depended on Officer Stewart's testimony that Lanier admitted that he had a gun during the offense. But there was ample other testimony by the officers and the victim that Lanier had a gun.
 {¶ 21} When there is conflicting testimony, the weight to be given the evidence and the credibility of the witnesses are for the jury to consider.[8] The jury may take into account criminal history, appearances, composure, perceived sincerity, and so forth. The verdict rendered against Lanier indicated that the jury believed the state's version of the facts. We conclude that even if Officer Stewart's testimony regarding Lanier's admission about the gun had been suppressed, the jury would have reached the same conclusion concerning Lanier's guilt.
 {¶ 22} Lanier has failed to establish that he received deficient performance from his trial counsel or that he was prejudiced by his trial counsel's performance. Therefore, we overrule his sole assignment of error and affirm the trial court's judgment.
Judgment affirmed.
Gorman, P.J., and Sundermann, J., concur.
[1] See Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraphs two and three of the syllabus.
[2] See Strickland, supra, at 689; State v. Bradley, supra, at 142.
[3] Id.
[4] Id.
[5] State v. Bradley, supra, paragraph two of the syllabus.
[6] State v. Jackson, 92 Ohio St.3d 436, 449, 2001-Ohio-1266,751 N.E.2d 946.
[7] See State v. Bradley, supra, at paragraph three of the syllabus.
[8] See State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.